## General Civil Case Filing Information Form (Non-Domestic)

**Court**  ☑ Superior  ☐ State

**County** Fulton

**Docket #** 2012CV217188

**Date Filed** 06/28/2012 (MM-DD-YYYY)

FILED IN OFFICE
JUN 29 2012
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**Plaintiff(s)**
Georgia Operators Self-Insurers Fund
Last  First  Middle I.  Suffix  Prefix  Maiden

Last  First  Middle I.  Suffix  Prefix  Maiden

Last  First  Middle I.  Suffix  Prefix  Maiden

Last  First  Middle I.  Suffix  Prefix  Maiden

**No. of Plaintiffs** 1

**Defendant(s)**
PMA Management Corp.
Last  First  Middle I.  Suffix  Prefix  Maiden

Last  First  Middle I.  Suffix  Prefix  Maiden

Last  First  Middle I.  Suffix  Prefix  Maiden

Last  First  Middle I.  Suffix  Prefix  Maiden

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Watkins   John   L.
Last  First  Middle I.  Suffix

**Bar #** 740515

| Check Primary Type (Check only ONE) |
|---|
| ☑ Contract/Account |
| ☐ Wills/Estate |
| ☐ Real Property |
| ☐ Dispossessory/Distress |
| ☐ Personal Property |
| ☐ Equity |
| ☐ Habeas Corpus |
| ☐ Appeals, Reviews |
| ☐ Post Judgment Garnishment, Attachment, or Other Relief |
| ☐ Non-Domestic Contempt |
| ☐ Tort (If tort, fill in right column) |
| ☐ Other General Civil Specify _____ |

| If Tort is Case Type: (Check no more than TWO) |
|---|
| ☐ Auto Accident |
| ☐ Premises Liability |
| ☐ Medical Malpractice |
| ☐ Other Professional Negligence |
| ☐ Product Liability |
| ☑ Other Specify Negligence and breach of fiduciary duty |
| Are Punitive Damages Pleaded? ☑ Yes ☐ No |



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

| | |
|---|---|
| Georgia Operators Self-Insurers Fund | Case No.: 2012CV217188 |
| **Plaintiff,** vs. | |
| PMA Management Corp. | |
| **Defendant** | |

TO THE ABOVE NAMED DEFENDANT(S): PMA Management Corp.

Your are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

> John L. Watkins
> Barnes & Thornburg LLP
> Prominence in Buckhead, Suite 1700
> Atlanta, GA 30305-2954

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___29___ day of June___, 20 12___

> Honorable Cathelene "Tina" Robinson
> Clerk of Superior Court
>
> By_____
> Deputy Clerk

To defendant upon whom this petition is served:

This copy of complaint and summons was served upon you_____, 20_____

_____
Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE
JUN 29 2012
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| GEORGIA OPERATORS SELF-INSURERS FUND, | ) <br> ) <br> ) |
| Plaintiff | ) CIVIL ACTION NO: <br> ) <br> ) 2012CV217188 |
| v. | ) <br> ) |
| PMA MANAGEMENT CORP., | ) <br> ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Georgia Operators Self-Insurers Fund (the "Georgia Fund"), for its complaint against defendant PMA Management Corp. ("PMA") states as follows:

### SUMMARY OF ACTION

1. This is an action for breach of contract, negligence and breach of fiduciary duty by PMA in its performance of workers compensation claims administration services for the Georgia Fund. The Georgia Fund is a nonprofit trust for owners of McDonald's restaurants in Georgia which are self-insured for workers compensation risks. PMA is the claims administrator retained to administer workers compensation claims for the Georgia Fund. In this action, the Georgia Fund contends that PMA has mishandled claims, including by overpaying claimants and by incurring unnecessary and excessive expenses on behalf of the Georgia Fund.

### THE PARTIES

2. Plaintiff Georgia Operators Self-Insurers Fund is a nonprofit trust for owners of McDonald's restaurants in Georgia which are authorized by the State of Georgia to self-insure for workers compensation risks. The Georgia Fund is organized under the laws of the State of Georgia and maintains its principal office in care of Arthur J. Gallagher Risk Management Services, Inc. 1040 Crown Pointe Parkway, Suite 700, Atlanta, Georgia 30338.

3. Defendant PMA Management Corp. is a third-party administrator ("TPA") licensed to provide claims administration services in the State of Georgia. PMA is a corporation organized under the laws of the Commonwealth of Pennsylvania and maintains an office at 1100 Abernathy Road NE, Suite 650, Atlanta, Fulton County, Georgia 30328.

4. This Court has subject matter jurisdiction over this matter.

5. This Court has personal jurisdiction over PMA due to its presence in the State.

6. Venue is proper in this Court.

## THE TPA AGREEMENT

7. Effective January 16, 2008, the Georgia Fund and PMA entered into an Agreement for Third Party Claims Administrative Services (the "TPA Agreement").

8. The TPA Agreement provides, among other things, that PMA "shall provide customary and appropriate workers' compensation claims handling services." The services include but are not limited to:

    a. investigation of claims;

    b. adjusting, settling or litigating claims;

    c. investigation and pursuit of subrogation on behalf of the Georgia Fund;

    d. setting appropriate claim reserves; and

    e. necessary and customary administrative tasks.

9. The services also include but are not limited to:

    a. determining compensability and paying appropriate levels of indemnity benefits on lost time claims and attempting to achieve returns to full duty for the affected employees;

    b. payment of medical bills on medical only claims; and

    c. conducting initial 3-point communication on appropriate claims.

10. The TPA Agreement provides, among other things, that in the event that a claim enters into litigation, is scheduled for a workers' compensation hearing, or involves a potential third-party (subrogation) claim, PMA will:

    a. make recommendations to the Georgia Fund regarding litigation of claims handled under the TPA Agreement;

    b. assist the Georgia Fund in the retention and appointment of counsel, expert witnesses and vendors; and

    c. at the Georgia Fund's direction, pursue all appropriate subrogation/contribution claims on behalf of the Georgia Fund.

11. The TPA Agreement provides, among other things, that PMA will establish a bank account to be funded by the Georgia Fund but administered by PMA for the purpose of paying claims and related expenses.

12. The TPA Agreement provides, among other things, that the Georgia Fund will pay:

    a. fees to PMA based on the numbers and types of claims;

    b. hourly fees for use of PMA's registered nurses; and

    c. fees for medical bill review based on a rate per bill plus a percentage of the savings achieved.

13. The TPA Agreement provides, among other things, that PMA will indemnify, defend and hold harmless the Georgia Fund from all claims, losses, damages, costs, liability or expenses, including attorneys' fees, caused by or resulting from negligence or willful misconduct by PMA.

14. The TPA Agreement provides, among other things, that the parties agree to submit any dispute arising under the TPA Agreement to non-binding mediation.

15. The TPA Agreement provides, among other things, that the TPA Agreement and all disputes relating in any way to the TPA Agreement will be governed by and construed in accordance with the laws of the State of Georgia, without regard to principles of conflicts of laws.

16. During the term of the TPA Agreement, PMA has mishandled claims by, among other things:

    a. continuing to pay claims for total disability that should have been converted to partial disability, resulting in overpayments on the Georgia Fund's behalf;

    b. failing to pursue subrogation and recover payments on behalf of the Georgia Fund;

    c. committing errors that resulted in the assessment of statutory penalties that were passed on to the Georgia Fund;

    d. misclassifying indemnity or litigated claims as medical-only claims, leading to inadequate attention by unqualified adjusters and excessive expense; and

    e. abandoning files to registered nurses, investigators or attorneys who bill for their time performing tasks that can and should be done by adjusters within the per-claim fees, leading to excessive expense.

17. Based on a review of PMA's handling of a subset of the claims handled by PMA, the Georgia Fund has estimated its damages at more than $1,000,000.

18. The Georgia Fund has repeatedly notified PMA of its mishandling over the past year. On several occasions, PMA has admitted some mistakes, but PMA has not compensated the Georgia Fund for the damages PMA has caused.

## COUNT I – BREACH OF CONTRACT

19. The Georgia Fund adopts and incorporates paragraphs 1 through 18 as if full set forth herein.

20. The TPA Agreement is a valid and enforceable contract.

21. PMA has mishandled claims in violation of the TPA Agreement.

22. The Georgia Fund has paid all required fees and otherwise performed all of its obligations and conditions precedent under the TPA Agreement.

23. The Georgia Fund has been damaged as a result of PMA's mishandling of claims.

24. In addition, in compliance with the mandatory mediation provision of the TPA Agreement, the Georgia Fund requested mediation.

25. PMA has failed and refused to mediate in compliance with the mandatory mediation provision of the TPA Agreement, including but not limited to PMA's attempt to require the Georgia Fund to mediate in Pennsylvania rather than Georgia.

26. By its refusal to participate in mediation and its attempt to force the Georgia Fund to mediate in Pennsylvania, PMA has excused the Georgia Fund from any requirement of participating in mediation (to the extent the TPA Agreement were to be so interpreted by the Court) prior to bringing this action.

27. The Georgia Fund has no adequate remedy at law for PMA's failure and refusal to mediate in compliance with the mandatory mediation provision of the TPA Agreement.

28. By its own terms, the mandatory mediation provisions of the TPA Agreement are specifically enforceable and therefore PMA is required to participate in mediation in Georgia of the claims in this case.

## COUNT II – NEGLIGENCE

29. The Georgia Fund adopts and incorporates paragraphs 1 through 18 as if fully set forth herein.

30. PMA owes the Georgia Fund a duty to handle claims with the skill of a reasonable third-party claims administrator.

31. PMA breached its duty by mishandling claims.

32. The Georgia Fund has been damaged as a result of PMA's mishandling of claims.

## COUNT III – BREACH OF FIDUCIARY DUTY

33. The Georgia Fund adopts and incorporates paragraphs 1 through 18 as if fully set forth herein.

34. By its nature, the TPA Agreement establishes a relationship between the Georgia Fund and PMA that is of a confidential nature. Among other things, PMA undertook to advise the Georgia Fund on sensitive matters, and the parties agreed that information involved in their relationship was inherently confidential. Further, the Georgia Fund reposed confidence and trust in PMA to faithfully, honestly and competently advise the Georgia Fund and to look out for its best interests.

35. PMA owes the Georgia Fund fiduciary duties in making decisions regarding the expenditure of the Georgia Fund's money and in administering a bank account funded by the Georgia Fund.

36. PMA breached its fiduciary duties by mishandling claims, including but not limited to overpaying claims, incurring unnecessary and excessive expenses, and paying fees to itself, all from the Georgia Fund's account.

37. The Georgia Fund has been damaged as a result of PMA's breaches of fiduciary duty.

38. Further, because of PMA's willful and reckless conduct, the Georgia Fund is entitled to an award of punitive damages to deter PMA from similar misconduct in the future.

### COUNT IV – ATTORNEYS' FEES

39. The Georgia Fund adopts and incorporates paragraphs 1 through 38 as if fully set forth herein.

40. PMA has acted in bad faith, has been stubbornly litigious, and has caused the Georgia Fund unnecessary attorneys' fees and litigation expenses.

41. As a result of PMA's conduct, the Georgia Fund is entitled to an award of its attorneys' fees and litigation expenses.

WHEREFORE, having stated its Complaint, the Georgia Fund requests:

(a) On Count I, that the Georgia Fund be awarded compensatory damages in an amount to be proven at trial;

(b) On Count I, that the Court issue a decree of specific performance or other appropriate equitable relief requiring PMA to mediate these claims in the State of Georgia;

(c) On Count II, that the Georgia Fund be awarded compensatory damages in an amount to be proven at trial;

(d) On Count III, that the Georgia Fund be awarded compensatory damages in an amount to be proven at trial;

(e) On Count III, that the Georgia Fund be awarded punitive damages in an amount to be determined in the enlightened conscience of the jury, but in an amount not less than $250,000;

(f)     On Count IV, that the Georgia Fund be awarded its costs and expenses of litigation, including its reasonable and necessary attorneys' fees and other litigation expenses incurred in bringing this action; and,

(g)     That the Georgia Fund be awarded such other, further, and different relief as the Court may deem just and proper.

Respectfully submitted this 29th day of June, 2012.

*/s/ John L. Watkins*

John L. Watkins, Esq.
john.watkins@btlaw.com
Georgia Bar No. 740515
**BARNES & THORNBURG, LLP**
Prominence in Buckhead
3475 Piedmont Road, N.E.
Suite 1700
Atlanta, Georgia 30305-2954
(404) 846-1693 – Main
(404) 264-4033 – Facsimile

Of Counsel
Kenneth M. Gorenberg
**BARNES & THORNBURG, LLP**
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(*pro hac vice* application to
be filed shortly)

*Attorneys for Georgia Operators Self-Insurers Fund*

```
0§d

0☺
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

GEORGIA OPERATORS SELF-INSURERS FUND
vs.
PMA MANAGEMENT CORP.,

Comment:
101250

Case #    2012CV217188

                                       125.00
SUPERIOR CLERK'S FEE                    58.00
SUPERIOR ALTERNATIVE DISPUT              7.50
SUPERIOR CLERK'S RETIREMENT              2.00
SUPERIOR SHERIFF'S RETIREME              1.00
SUPERIOR LAW LIBRARY                     5.00
Peace Officers, Prosecutors             15.00
-----------------------------------------------
Total Chgs   :                        $213.50
Total Paid   : (Check)                $213.50

Paid by:
Watkins, John Lloyd
Barnes&thornburg,Llp 3475 Piedmont Rd
Atlanta, Ga 30305-2954

Receipt#       :   217443
Date Received:    06/29/2012
Time Printed :    02:15pm
Issued by      :   SPTJROB from CVCM

-----------------------------
```

2 5:3 PM
A. Smith Registered Agent
CSC