IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA OPERATORS SELF-INSURERS FUND, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION FILE NO. |
| v. | ) ) 1:12-cv-02578-ODE |
| PMA MANAGEMENT CORP. | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S INITIAL DISCLOSURES**

Georgia Operators Self-Insurers Fund, by counsel, and pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, provides the following initial disclosures:

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

Cause of Action: This is an action for breach of contract, negligence and breach of fiduciary duty arising out of the Defendant's performance of workers compensation claims administration services pursuant to a Third Party Administrative Services Agreement ("TPA Agreement") between the Plaintiff and Defendant. Plaintiff has been injured by Defendant's mishandling of claims under

the TPA Agreement. Plaintiff also requests specific performance of the mediation obligation, punitive damages and attorneys' fees.

<u>Factual Outline:</u>   Effective January 16, 2008, Plaintiff and Defendant entered into the TPA Agreement. The TPA Agreement provides in part that PMA would provide workers compensation claims handling services to Plaintiff. The TPA Agreement also provides that any dispute arising under the TPA agreement will be submitted to non-binding mediation.

After the Defendant began administering Plaintiff's worker compensation claims, Plaintiff realized that the per-claim costs of these claims increased substantially as compared to its historical experience. Plaintiff conducted an investigation into Defendant's claim handling and discovered that Defendant was mishandling the claims administration in a number of ways, incurring unnecessary and excessive expenses on behalf of Plaintiff. Plaintiff repeatedly complained to Defendant, but Defendant failed to correct all of its deficient practices or to remedy the damages already caused.

Pursuant to the TPA Agreement, the Plaintiff attempted to mediate the dispute in the state of Georgia. The Defendant, however, failed and refused to mediate. Thus, Plaintiff filed this action against the Defendant on June 29, 2012 in

Fulton County, Georgia. The Defendant thereafter removed this action to this Court.

Legal Issues:

A. Did the Defendant comply with the TPA Agreement's mediation provision?

B. Did the Defendant breach the TPA Agreement?

C. Was the Defendant negligent in handling the workers compensation claims?

D. What are the amount of damages if Defendant breached the TPA Agreement or was negligent its handling of the workers compensation claims?

E. Did Defendant breach a fiduciary duty owed to Plaintiff?

F. What is the amount of damages if Defendant breached its fiduciary duty to Plaintiff?

G. If the Defendant breached its fiduciary duty to Plaintiff, is Plaintiff entitled to punitive damages?

H. Is the Plaintiff entitled to attorneys' fees?

(2)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

These matters will be governed by the laws of the state of Georgia, including, but not limited to, Georgia law related to the legal issues described above and the Georgia Insurance Code regarding claim administrators, O.C.G.A. § 33-23-100 et seq, and related regulations, Georgia Equity Code regarding confidential relations, O.C.G.A. § 23-2-58 et seq., and Georgia Contract Code regarding expenses of litigation, O.C.G.A. § 13-6-11.

(Please note: citations to authority are representative only and are not intended to be inclusive).

A breach of contract claim requires: breach and the resultant damages to the party who has the right to complain about the contract being broken. *Budget Rent-a-Car of Atlanta, Inc. v. Webb,* 469 S.E.2d 712, 713 (Ga. Ct. App. 1996).

A negligence claim requires: duty, breach, proximate cause, and damages. *Cotton States Mut. Ins. Co. v. Brightman*, 568 S.E.2d 498, 500 (Ga. Ct. App. 2002).

A breach of fiduciary duty (confidential relations) claim requires: existence of a fiduciary duty, breach of that duty, and damage proximately caused by the breach. *Bienert v. Dickerson*, 624 S.E.2d 245, 248 (Ga. Ct. App. 2005).

Where the terms of a contract create an independent duty sounding in tort, a plaintiff may sue the Defendant in tort for violation of that duty. *Delancy v. St. Paul Fire & Marine Ins. Co.*, 947 F.2d 1536, 1545-46 (11th Cir. 1991) (applying Georgia law).

Retrospective premium policies impose a duty on the insurer to act reasonably and in good faith. *Liberty Mutual Fire Ins. Co. v. Cagle*, No. 1:10-CV-2158-TWT, 2010 WL 5288673, at *2-3 (N.D. Ga. Dec. 16, 2010) (applying Georgia law).

Punitive damages are available for a breach of fiduciary duty. *Bunch v. Byington, et al.*, 664 S.E.2d 842, 847-48 (Ga. Ct. App. 2008).

A plaintiff may recover attorneys' fees where the defendant acted in bad faith in the underlying transaction. *Morrison Homes of Fl. v. Wade*, 598 S.E.2d 358, 361 (Ga. Ct. App. 2004).

(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the

subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

Please see Attachment A.

(4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

At this time, Plaintiff has not decided upon an expert witness who may testify

at trial.  Plaintiff will supplement this response, if appropriate.

(5)     Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

Please see Attachment C.

(6)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Based on a review of a sample of Plaintiff's workers compensation claims handled by Defendant, the Plaintiff estimates that its damages exceed $1,000,000. Plaintiff provided Defendant with that analysis on December 30, 2011. Plaintiff's attorneys' fees are ever increasing. Punitive damages should be determined by the fact finder's judgment of an amount appropriate to deter the Defendant from similar misconduct in the future.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

None known to Plaintiff.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

N/A - No persons or legal entities are known to have a subrogation interest in Plaintiff's causes of action.

Submitted this 27th day of August, 2012.

Respectfully submitted,

| | |
|---|---|
| **BARNES & THORNBURG, LLP**<br>One North Wacker Drive, Suite 4400<br>Chicago, Illinois 60606 | /s/ Kenneth M. Gorenberg<br>Kenneth M. Gorenberg, Esq.<br>*Pro hac vice*<br>Jacob P. Zipfel, Esq.<br>*Pro hac vice*<br>kgorenberg@btlaw.com<br>jacob.zipfel@btlaw.com<br>(312) 357-1313 – Phone<br>(312) 759-5646 – Facsimile |
| **BARNES & THORNBURG, LLP**<br>Prominence in Buckhead<br>3475 Piedmont Road, N.E., Suite 1700<br>Atlanta, Georgia 30305-2954 | /s/ John L. Watkins<br>John L. Watkins, Esq.<br>Georgia Bar No. 740515<br>john.watkins@btlaw.com<br>(404) 264-4043 – Direct<br>(404) 264-4033 – Facsimile |

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2012, a copy of the foregoing **Plaintiff's Initial Disclosures** was filed electronically and will be served by electronic notice via the Court's CM/ECF system to the following counsel of record:

Paul W. Burke
Eric R. Mull
DREW ECKL & FARNHAM, LLP
880 West Peachtree Street
P.O. Box 7600
Atlanta, GA 30357

/s/ John L. Watkins
Georgia Bar No. 740515

# **ATTACHMENT A**

At this stage in the litigation, prior to discovery, Plaintiff does not know all of the individuals may have information relevant to the Plaintiff's claims in this action. Plaintiff reserves the right to supplement this list with any and all individuals and entities discovered through written discovery, document production, depositions, and any other form of discovery permissible under the Federal Rules of Civil Procedure and the Local Rules of this Court. At this time, it appears that the following individuals may have information relevant to the Plaintiff's claims in this action:

1. Randy Squires, the Area Senior Vice President for Arthur J. Gallagher Risk Management Services, Inc. and fund administrator for the Plaintiff, has knowledge regarding the Agreement for Third Party Claims Administrative Services and Defendant's handling of Plaintiff's workers compensation claims. Mr. Squires can be contacted through undersigned counsel.

2. Randi L. Watson, the Area Vice President for Arthur J. Gallagher Risk Management Services, Inc. and assistant fund administrator for the Plaintiff, has knowledge regarding the Agreement for Third Party Claims Administrative Services and Defendant's handling of Plaintiff's workers compensation claims. Ms. Watson can be contacted through undersigned counsel.

3. Doug McCoy, principal of McCoy Consulting, Inc., and a claim management examiner for Plaintiff. Mr. McCoy investigated Defendant's handling of Plaintiff's workers compensation claims and issued a report. Mr. McCoy can be contacted through undersigned counsel.

4. Dennis McHugh, of McCoy Consulting, Inc. assisted Mr. McCoy in his investigation of Defendant's handling of Plaintiff's workers compensation claims. Mr. McHugh can be contacted through undersigned counsel.

5. Stacy Hosman, President of Hosman & Associates, Inc., a claim consultant for Plaintiff. Ms. Hosman investigated Defendant's handling of Plaintiff's workers compensation claims. Ms. Hosman can be contacted through undersigned counsel.

6. Current or former employees or representatives of PMA Management Corp. who may have knowledge regarding the Agreement for Third Party Claims Administrative Services and Defendant's handling of Plaintiff's workers compensation claims, including but not limited to James Walsh, Maggie Conatser, Jane Hough, Charity Birdow, Adolphus Drain, Kathleen Reed, Connie Mabry, Angela Noord, Jeff Bonner, Sandra Rodriguez, Lesedi Toussaint, Kim Johnson, and Marie Marcous. Upon information and belief, current employees or representatives of PMA Management Corp. can be contacted through Defendant's counsel.

7. Individuals identified by Defendant in their initial disclosures, witness lists, and discovery responses.

8. Any as yet unidentified expert witness to be designated by any established case management deadline or otherwise established by the Court.

9. Any persons with knowledge of after-acquired evidence (not yet identified).

## **ATTACHMENT C**

The Plaintiff has custody of certain documents that it may use to support its claims and defenses, including the following:

1. The Agreement for Third Party Claims Administrative Services between the Plaintiff and Defendant;
2. Documents related to the Agreement For Third Party Claims Administrative Services;
3. Documents supporting Plaintiff's claims for damages;
4. Documents related to Defendant's handling of Plaintiff's workers compensation claims.

The Plaintiff reserves the right to modify, amend, or supplement this list with any and all documents and other evidence discovered through written discovery, document production, depositions and any other form of discovery permissible under the Federal Rules of Civil Procedure.

# **ATTACHMENT D**

As a result of Defendant's breach of its duties under the TPA Agreement, negligence, and breach of its fiduciary duty, Plaintiff has suffered damages exceeding $1,000,000. Attorneys' fees cannot be determined at this time; punitive damages will be determined by the fact finder.

Plaintiff will produce for inspection all documents, data, compilations and tangible things in its possession, custody or control that are relevant to the computation of damages, except insofar as such documents may be protected by the attorney-client privilege or under Federal Rule of Civil Procedure 26(b)(3).

CHDS01 776406v2