AO 88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

### Northern District of Georgia
### Atlanta Division

GEORGIA OPERATORS SELF-INSURERS FUND,
        Plaintiff,

v.

PMA MANAGEMENT CORP.,
        Defendant.

Civil Action File No. 1:12-cv-02578-ODE
Case Number:[1]

TO:    **Arthur J. Gallagher**
         **117 Perimeter Center West**
         **Atlanta, Georgia 30338**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A for requested documents.**

*In lieu of a personal appearance, you may mail certified copies of the requested documents to the undersigned.*

| PLACE | | DATE AND TIME |
|---|---|---|
| **Eric R. Mull**<br>**Drew, Eckl & Farnham, LLP**<br>**P.O. Box 7600**<br>**Atlanta, GA 30357-0600** | 404/885-1400 | **December 6, 2012**<br>**10 a.m. EST** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* , Attorney for the Defendant | **November 6, 2012** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: **Eric R. Mull, Drew, Eckl & Farnham,**
**880 West Peachtree Street, Atlanta, GA 30357 (404) 885-1400**

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AT-1147902v1

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# **EXHIBIT A**

The requested documents are as follows:

1. A complete copy of any and all documents in your possession from 2006 to present, regardless of whether they were prepared by you or other parties, relating to The Georgia Operators Self-Insurers Fund ("GAOSIF"). This Request includes but is not limited to any and all:

    a. contracts, agreements, and any related addenda, modifications, changes, or alterations between you and GAOSIF;

    b. all correspondence between you and GAOSIF;

    c. a list of all accounts in which you have a contract with 3rd Eye Investigations, Inc.; Class Action Detective Agency, Inc.; and/or Detective Online to provide surveillance services;

    d. a copy of any and all guidelines, policies, and/or procedures used by you in your work for GAOSIF;

    e. a list of all accounts in which you have recommended the use of 3rd Eye Investigations, Inc.; Class Action Detective Agency, Inc.; and/or Detective Online to provide surveillance services;

    f. any and all bills and/or invoices relating to services you have provided to GAOSIF;

    g. all electronic files maintained by you regarding GAOSIF;

    h. correspondence between you and PMA regarding PMA's work on GAOSIF files;

i. correspondence between you and any third party to the above-captioned case regarding PMA's work on GAOSIF files;

j. a copy of all GAOSIF meeting minutes maintained by you on GAOSIF's behalf;

k. a copy of any and all reports created by you for or on GAOSIF's behalf;

l. audiotapes, written statements or transcribed statements;

m. notes – handwritten or otherwise, relating to any entity or individual identified above;

n. internal memorandums relating to GAOSIF.

o. A listing of all Arthur J. Gallagher employees who are involved in the day to day administration of files for GAOSIF, as well as employees who are involved in the procurement of PMAMC as the TPA for GAOSIF.

p. Documents describing the relationship between you and GAOSIF;

q. Your files or files maintained by you relating to the procurement of PMAMC as the TPA for GAOSIF;

r. Documents, agreements, and/or correspondence between you and Doug McCoy;

s. Documents, agreements, and/or correspondence between you and McCoy Consulting, Inc.;

t. Documents, agreements, and/or correspondence between you and Stacy Hosman; any employee of AD21, Inc.; Association of Workers Compensation Claims Professionals, Inc.; and Hosman and Associates;

u. Any actuarial studies, including all working documents and related documents, in the possession of AJG as they relate to the claims PMAMC handled on behalf of GAOSIF.

v. Any and all management reports received from PMA relating to GAOSIF.

3457109/1

06527-082844

AT-1147902v1