# Exhibit 1

to
Declaration of
Kennenth M. Gorenberg

# Walker, Terry

| | |
|---|---|
| **From:** | Gorenberg, Kenneth |
| **Sent:** | Thursday, July 11, 2013 4:13 PM |
| **To:** | Paul Burke (BurkeP@deflaw.com) |
| **Cc:** | Eric R. Mull; Gallo, Thomas; Zipfel, Jacob |
| **Subject:** | GAOSIF v. PMA - drafts re Special Master |
| **Attachments:** | GAFund Joint Motion To Appoint Special Master (4).docx; GaFund_PMA_ Order Appointing Special Master.DOCX |

Paul,

Attached are a draft motion and order for appointment of the special master. These are still subject to my client's review, but I wanted to get them to you for any reactions. In consultation with Doug McCoy, we have identified three candidates to serve as the special master, all of whom have extensive experience as Georgia workers compensation judges, mediators or board members:

Pat Killingsworth
pmkadr@bellsouth.net
404-982-5965
http://www.bayadr.com/CM/Attorneys/Patricia-Killingsworth.asp

Carolyn Hall
qcchall@bellsouth.net
404-277-3840

Rick Thompson
rthompson@levythompson.com
866-995-8663
http://levythompson.com/about-us/rick-s-thompson

We will not contact any of these candidates ex parte. Any contact with these or other candidates to determine their availability, rates, et al, should be handled jointly by counsel for both parties.

We look forward to your thoughts.

Ken

Kenneth M. Gorenberg
Partner
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, IL  60606
Direct:  (312) 214-5609
Fax:  (312) 759-5646
kgorenberg@btlaw.com
www.btlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGIA OPERATORS SELF-INSURERS FUND, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:12-cv-02578-ODE |
| v. | ) ) ) | |
| PMA MANAGEMENT CORP. | ) ) | |
| Defendant. | ) | |

## JOINT MOTION TO APPOINT SPECIAL MASTER

Plaintiff Georgia Operators Self-Insurers Fund ("Georgia Fund") and defendant PMA Management Corp. ("PMA") jointly move the Court, pursuant to Rule 53 of the Federal Rules of Civil Procedure, to enter an order appointing a Special Master to conduct an evidentiary hearing and enter findings of fact regarding PMA's handling of workers compensation claims for Georgia Fund under the terms of a Third Party Administrative Services Agreement.

In support of this motion, Georgia Fund and PMA state the following:

1. Georgia Fund commenced this action for breach of contract, negligence and breach of fiduciary duty arising out of PMA's performance of workers compensation claims administration services pursuant to a Third Party Services Agreement ("TPA Agreement"). Plaintiff claims that PMA mishandled a large number of workers compensation claims which proximately caused damage

1

to Georgia Fund. PMA denies that it mishandled the workers compensation claims.

2. In an effort to address the disputed claims in an orderly manner, the parties previously exchanged expert reports and engaged in private mediation regarding the 88 largest claims (as measured by total amount incurred per claim).

3. Rather than burden the Court and a Jury with a *de novo* review of each of at least 88 different workers compensation claims, the parties have agreed to present 10 of those claims to a Special Master for a factual determination as to whether the claims were properly handled or mishandled and, if mishandled, whether Georgia Fund sustained damages and the amount thereof. The proposed Order provides that each party will choose 5 claims to submit to the Special Master. The parties then contemplate, and the proposed Order provides, that following the issuance of the Special Master's Report, the Court would convene a Case Management Conference for the purposes of: (a) exploring the prospects of settlement or resumed mediation in light of the Special Master's Report; (b) submitting additional claims to the Special Master for recommendation; or (c) scheduling further pre-trial proceedings and the trial of this action.

4. The parties respectfully submit that the appointment of a Special Master and the issuance of a Report regarding 10 of the disputed claims could result in a global settlement of all claims and, if settlement was not consummated,

the Special Master's findings (and perhaps findings with respect to additional claims) would significantly streamline the trial of this action.

WHEREFORE, the premises considered, plaintiff Georgia Operators Self-Insurers Fund and defendant PMA Management Corp. request this Court to enter an Order appointing a Special Master or grant such other, further, or different relief to which the parties are entitled.

This ___ day of July, 2013

                                   Respectfully submitted,

                                   **BARNES & THORNBURG, LLP**

                                   _____
                                   Thomas J. Gallo, Esq.
                                   Georgia Bar No. 283048
                                   Thomas.Gallo@btlaw.com
                                   3475 Piedmont Road, N.E., Suite 1700
                                   Atlanta, Georgia 30305-2954
                                   (404) 846-1693 – Main
                                   (404) 264-4053 -- Direct
                                   (404) 264-4033 – Fax

                                   Kenneth M. Gorenberg, Esq.
                                   Illinois Bar No.
                                   Kenneth.Gorenberg@btlaw.com
                                   Jacob Zipfel, Esq.
                                   Illinois Bar No.
                                   Jacob.Zipfel@btlaw.com
                                   **Barnes & Thornburg, LLP**
                                   One North Wacker Drive, Suite 4400
                                   Chicago, Illinois 60606
                                   (312) 357-1313 -- Main
                                   (312) 214-5646 – Fax

*Counsel for Plaintiff Georgia Operators Self-Insurers Fund*

**Drew Eckl & Farnham, LLP**

_____
Paul W. Burke, Esq.
Georgia Bar No. 095642
pburke@deflaw.com
Eric R. Mull
Georgia Bar No. 55860
emull@deflaw.com
880 W. Peachtree Street
Atlanta, Georgia 30309
(404) 885-1400 -- Main
(404) 876-0092 – Fax

*Counsel for Defendant PMA Management Corp.*

## **CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1D, N.D. Ga., I hereby certify that this motion has been prepared in Times New Roman 14-Point font, one of the font and point selections approved by this Court in Local Rule 5.1B, N.D. Ga.

This ___ day of July, 2013.

_____
Thomas J. Gallo, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Joint Motion To Appoint Special Master has been served this ___ day of July, 2013 on the parties identified below by using the CM/ECF system, which automatically sends e-mail notification to the following attorney of record:

>Paul W. Burke, Esq.
>Eric R. Mull, Esq.
>DREW ECKL & FARNHAM, LLP
>880 West Peachtree Street
>Post Office Box 7600
>Atlanta, Georgia 30357

>/s/ *Thomas J. Gallo*
>Thomas J. Gallo, Esq.

ATDS01 190583v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGIA OPERATORS SELF-INSURERS FUND, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:12-cv-02578-ODE |
| v. | ) ) ) | |
| PMA MANAGEMENT CORP. | ) ) | |
| Defendant. | ) | |

### ORDER REFERRING CLAIMS HANDLING ISSUES
### TO SPECIAL MASTER

This matter came before the Court upon the parties' Joint Motion To Refer Claims Handling Issues To Special Master. Having considered the parties' Joint Motion and the record in this action, it is hereby ORDERED:

### I.   APPOINTMENT OF THE SPECIAL MASTER

Pursuant to Rule 53 of the Federal Rules of Civil Procedure and agreement of plaintiff Georgia Operators Self-Insurers Fund (the "Georgia Fund") and defendant PMA Management Corp. ("PMA"), the Court appoints _____ to serve as Special Master in this action. Mr. _____ shall file and serve upon the parties an affidavit disclosing whether there are any grounds for his/her disqualification under 28 U.S.C. § 455, no later than July ___, 2013.

## II.     DUTIES OF THE SPECIAL MASTER

This action arises from PMA's alleged mishandling of workers compensation claims on behalf of the Georgia Fund. PMA denies it mishandled the claims. In an effort to address the disputed claims in an orderly manner, the parties previously exchanged expert reports and engaged in private mediation regarding the 88 largest claims (as measured by total amount incurred per claim). In a further effort to address the disputed claims, and without prejudice to either party regarding the 88 claims reviewed by their experts or any of the thousands of other claims, each party shall select 5 of the 88 reviewed claims so that a total of 10 claims will be presented to the Special Master in an evidentiary hearing.

The Special Master will establish the procedure for the selection of the 10 total claims to be presented at the hearing, ensuring that each party selects 5. The Special Master will meet and confer with the parties, review written materials and documents submitted by the parties, hold evidentiary hearings and collect evidence. The Special Master has the authority to regulate all proceedings before him/her, take all appropriate measures to perform the assigned duties fairly and efficiently, and exercise the Court's power to compel, take and record evidence.

Following the conclusion of the Special Master's evidentiary hearing(s), the Special Master shall prepare a written Report and shall file and serve the Report in

accordance with Rule 53(e) of the Federal Rules of Civil Procedure. The Special Master shall issue proposed findings of fact regarding each of the 10 claims presented. The Special Master shall make and file a complete record of the evidence considered in making the proposed findings of fact contained in the Report.

Separately as to each of the 10 claims, the proposed findings of fact shall include the amount, if any, of additional loss or expense incurred by the Georgia Fund as a result of PMA's handling. Such findings shall include, where appropriate, reference to specific evidence supporting the finding, including, but not limited to, the documentary evidence or testimony relied upon and the date(s) of any improper conduct or improper claims handling causing any increase in incurred loss. The Report shall be filed with the Clerk of the Court and served upon the parties on or before September __, 2013.

The Special Master may in his/her sole discretion serve copies of a draft of the Report upon the parties for comments and suggestions. Any comments and suggestions of the parties shall be in writing and served upon the opposing party when submitted to the Special Master.

The parties may communicate with the Special Master on an *ex-parte* basis only to discuss administrative and scheduling matters. The Special Master may

contact the Court on an *ex-parte* basis only to discuss administrative and scheduling matters. Substantive matters will be addressed on conference calls involving counsel for both parties on no less than 24 hours' notice. The Court and experts will participate in such conference calls only if necessary.

Prior to any hearing before the Special Master, the parties shall meet and confer for the purpose of stipulating that exhibits from the claims files produced during the litigation and to be used in any Special Master hearing are business records and are admissible. The parties have agreed that the following expert reports are admissible and shall be submitted to the Special Master in advance of the evidentiary hearing, at such time as the Special Master directs: Doug McCoy's February 15, 2013 *Confidential Report of Findings;* and John L. Saulino's May 20, 2013 *Expert Opinion of John L. Saulino.*

Ten days prior to the date of any hearing before the Special Master, the parties shall exchange exhibit and witness lists along with any documents, summaries and demonstrative exhibits to be used at the hearing. During the hearing, either party may tender additional documents from the claims files of GAOSIF or PMA for examination of witnesses or to supplement its hearing exhibits. However, each party has the right to object to the use of any document

from the claims files that has not been previously disclosed in the hearing exhibit lists and exchanged prior to the hearing.

All questions of law shall be reserved to the Court and all issues of fact shall be decided by the Jury, upon instruction of the Court, in accordance with the Federal Rules of Civil Procedure and the Pretrial Order and other rulings or Orders that may be entered in this action.

### III. TIME TO COMPLETE SPECIAL MASTER'S DUTIES

The parties have agreed, and the Court approves, the following schedule for the completion of the proceedings before the Special Master:

1. The Special Master will meet and confer in person or by telephone with counsel for the parties within 7 days of appointment to establish a protocol regarding written submissions to the Special Master and the schedule for the evidentiary hearing(s).

2. Any written materials submitted to the Special Master by either party shall be served on the other party at least 10 days in advance of any evidentiary hearing convened by the Special Master.

3. Any evidentiary hearing shall be set by agreement among the parties and the Special Master with all final decisions on scheduling to be made by the Special Master so that all hearings shall be completed to allow the

Special Master to file and serve the final Report on or before September __, 2013, as set forth above.

4. All deadlines set forth in the Preliminary Report and Discovery Plan, as amended, in this action shall be suspended, and the Court will schedule a Case Management Conference following the submission of the Special Master's final Report.  During the Case Management Conference, the Court and the parties will consider at least the following possibilities for the further course of this matter:  (a) exploring the prospects of settlement or resumed mediation in light of the Special Master's Report; (b) submitting additional claims to the Special Master for recommendation; or (c) scheduling further pre-trial proceedings and the trial of this action.

## IV.   COMPENSATION OF THE SPECIAL MASTER

The Special Master shall be compensated for his/her services at a reasonable hourly rate mutually agreeable to the Special Master and the parties.  The parties shall share the cost of the Special Master equally.  The Special Master shall submit to the parties a monthly statement of account for his/her fees, disbursements and expenses.  The Court reserves the right to amend the allocation of the compensation of the Special Master upon a final determination on the merits of this action.

In all matters not expressly stated in this Order, the Special Master and the parties shall be guided by Rule 53 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

This ___ day of July, 2013.

                                            _____
                                            ORINDA D. EVANS
                                            United States District Judge,
                                            Northern District of Georgia

Prepared Jointly and Consented To:

**BARNES & THORNBURG, LLP**

_____
Thomas J. Gallo, Esq.
Georgia Bar No. 283048
3475 Piedmont Road, N.E., Suite 1700
Atlanta, Georgia 30305-2954
(404) 846-1693 – Main
(404) 264-4053 -- Direct
(404) 264-4033 – Fax
Thomas.Gallo@btlaw.com

Kenneth M. Gorenberg, Esq.
Illinois Bar No.
Kenneth.Gorenberg@btlaw.com
Jacob Zipfel, Esq.
Illinois Bar No.
Jacob.Zipfel@btlaw.com
**Barnes & Thornburg, LLP**
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606

(312) 357-1313 -- Main
(312) 214-5646 – Fax

*Counsel for Plaintiff Georgia Operators
Self-Insurers Fund*

**Drew Eckl & Farnham, LLP**

_____
Paul W. Burke, Esq.
Georgia Bar No. 095642
pburke@deflaw.com
Eric R. Mull
Georgia Bar No. 55860
emull@deflaw.com
880 W. Peachtree Street
Atlanta, Georgia 30309
(404) 885-1400 -- Main
(404) 876-0092 – Fax

*Counsel for Defendant PMA Management Corp.*

ATDS01 203231v2