# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA OPERATORS SELF-INSURERS FUND,<br>       Plaintiff,<br>v.<br>PMA MANAGEMENT CORP.,<br>       Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No: 1:12-cv-02578-ODE<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF PAUL W. BURKE

Personally appeared before the undersigned officer, duly authorized to administer oaths in Georgia, who, having been sworn, deposes and states the following:

1.

My name is Paul W. Burke. I am over 18 years old, and I am competent to testify to the matters stated in this affidavit. This testimony is based on my own personal knowledge.

2.

I am an attorney licensed to practice law in Alabama, Florida, and Georgia, and I am counsel of record for Defendant PMA Management Corp. ("PMA").

3.

This affidavit is executed in support of PMA's Motion to Strike/Exclude Plaintiff's Late Identified Expert.

4.

On Friday, August 16, 2013, Plaintiff e-mailed a copy of a "preliminary" report from their new expert, J. Edward Costner (e-mail attached hereto as Exhibit 1).

5.

On Saturday, August 17, 2013, Plaintiff e-mailed a copy of their new expert's CV and disclosed the expert's recent testimony (e-mail attached hereto as Exhibit 2).

6.

On Monday, August 19, 2013, during the deposition of Plaintiff's previously identified expert, Doug McCoy, Plaintiff produced, via e-mail, additional documentation, upon which their new expert has relied (e-mail attached hereto as Exhibit 3).

7.

Plaintiff offered their new expert for a deposition on a August 22, 2013, and indicated their willingness to schedule the deposition before the end of discovery. Plaintiff also offered to make their expert available after the close of discovery.

8.

The deposition of Plaintiff's new expert on August 22nd would be contingent on PMA cancelling the deposition of Tom Findlay, which PMA previously scheduled for August 22, 2013.

9.

While PMA had previously indicated that it might be cancelling the deposition of Tom Findlay, PMA ultimately decided to go forward with the deposition of Tom Findlay.

10.

The only expert identified by Plaintiff prior to their untimely identification of J. Edward Costner was Doug McCoy.

11.

Mr. McCoy produced a report dated February 15, 2013, wherein Mr. McCoy detailed, in almost 300 pages, the support for Plaintiff's alleged damages of approximately 1.3 million dollars.

12.

Mr. McCoy based his damages on an examination of 88 workers' compensation claims handled by PMA on behalf of the Plaintiff.

13.

The McCoy Report, while contested by PMA, was in line with an earlier pre-litigation report by the same expert that also alleged damages of approximately 1.3 million dollars.

14.

Mr. McCoy was deposed on August 19th.

15.

Plaintiff's new expert, an actuary, has taken what appears to be a statistical/actuarial approach to the damages.

16.

He has alleged damages of 3.3 million dollars using a new theory, which almost triple Plaintiff's damages.

17.

Although the expert and his theory are new to this case, the data used by the expert has been in Plaintiff's possession from the outset of this case.

18.

In fact, according to the new expert's report, his findings are based upon actuary reports in Plaintiff's possession for several years.

19.

PMA did not have time, prior to the close of discovery (if time had been made available), to both analyze this report sufficiently (which would only have been possible with the use of its own actuarial expert). Further, PMA would not have possibly had time prior to the close of discovery to also identify a new expert and produce its own rebuttal expert report.

FURTHER AFFIANT SAYETH NOT.

_____
Paul W. Burke

Sworn to and subscribed
before me this 26th day
of August, 2013

_____
Notary Public
My Commission Expires:

3716734/1
06527-082844